**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2858-16T4

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

ROGER A. ALBARRACIN,

    Defendant-Appellant.

_____

Submitted August 1, 2018 — Decided August 7, 2018

Before Judges Hoffman and Currier.

On appeal from Superior Court of New Jersey,
Law Division, Hudson County, Indictment No.
16-04-0496.

Joseph E. Krakora, Public Defender, attorney
for appellant (Michele E. Friedman, Assistant
Deputy Public Defender, of counsel and on the
brief).

Esther Suarez, Hudson County Prosecutor,
attorney for respondent (Luisa M. Florez,
Assistant Prosecutor, on the brief).

PER CURIAM

    After the Law Division denied his suppression motion,

defendant Roger Albarracin pled guilty to conspiracy to distribute

a controlled dangerous substance (CDS), N.J.S.A. 2C:5-2(a)(2) and N.J.S.A. 2C:35-5(b)(3), and received a three-year probationary term. Defendant now appeals, arguing the motion court should have suppressed his statements and physical evidence because the police initiated an unconstitutional de facto arrest without probable cause and failed to provide timely Miranda[1] warnings. We disagree and affirm.

We discern the following facts from the motion record. On September 25, 2015, Sergeant Delatorre[2] and Detective Soto, in plain clothes, stopped their unmarked police car at the corner of Bergenline Avenue and an intersecting street, where they observed two individuals — defendant and Hector Rivera — interacting; Sergeant Delatorre described Rivera as "a known user." While standing twenty feet away, the officers witnessed an apparent drug transaction when they observed Rivera give defendant "U.S. currency" in exchange for an "unknown item."

The officers followed the two men, who began walking west on the intersecting street. Detective Soto stopped and stayed with Rivera while Sergeant Delatorre followed defendant, who met with a female accompanied by children. Sergeant Delatorre tapped

---

[1]  Miranda v. Arizona, 384 U.S. 436 (1966).

[2]  Sergeant Delatorre was the only witness at the suppression hearing.

defendant on the shoulder and identified himself as a Union City Police Officer. He then told defendant, "[C]ome with me, [S]ir, I do not want to make a scene in front of your children." Defendant complied, and they walked to a public parking lot about ten to fifteen feet away. There, Sergeant Delatorre told defendant he believed defendant had just completed a drug transaction. He then asked defendant if he had any additional contraband, without advising defendant of his Miranda rights. Defendant responded, "[Y]es, I do," and then showed Sergeant Delatorre "two more bags" of heroin. At that point, Sergeant Delatorre placed defendant under arrest and discovered "128 wax folds of heroin" during a search incident to that arrest.

The motion court denied defendant's motion to suppress defendant's statements and the physical evidence seized from him, concluding Sergeant Delatorre's initial interaction with defendant constituted a proper investigatory stop. The court reasoned, "The stop was brief in nature and it did not curtail [d]efendant's freedom to a degree associated with a formal arrest. Miranda warnings were therefore not necessary because [d]efendant was not in custody."

Defendant raises the following points on appeal:

POINT I

BY ISOLATING ALBARRACIN, MOVING HIM TO A NEARBY PARKING LOT, AND ACCUSING HIM OF CRIMINAL ACTIVITY, THE OFFICER DID NOT MERELY CONDUCT AN INVESTIGATORY STOP, BUT RATHER, SUBJECTED ALBARRACIN TO A DE FACTO ARREST. GIVEN THAT THE OFFICER LACKED THE REQUISITE PROBABLE CAUSE TO SUBJECT HIM TO THIS TYPE OF ENCOUNTER, THE FRUITS OF THE SEIZURE MUST BE SUPPRESSED.

POINT II

THE OFFICER FAILED TO APPRISE ALBARRACIN OF HIS MIRANDA RIGHTS PRIOR TO SUBJECTING HIM TO A CUSTODIAL INTERROGATION, THUS REQUIRING SUPPRESSION OF ALBARRACIN'S VERBAL AND NONVERBAL RESPONSES TO THE OFFICER'S POINTED INQUIRY REGARDING HIS INVOLVEMENT IN DRUG ACTIVITY.

I

In reviewing a motion to suppress, we "must uphold the factual findings underlying the [judge's] decision so long as those findings are 'supported by sufficient credible evidence in the record.'" State v. Elders, 192 N.J. 224, 243 (2007) (quoting State v. Locurto, 157 N.J. 463, 471 (1999)).

The Fourth Amendment of the United States Constitution and Article I, paragraph 7 of the New Jersey Constitution protect citizens against unreasonable searches and seizures. U.S. Const. amend. IV; N.J. Const. art I, ¶ 7. Generally, law enforcement officers must obtain a warrant based on probable cause to initiate a constitutionally permissible search or seizure, unless the

4

search or seizure was "justified by one of the well-delineated exceptions to the warrant requirement." State v. Shaw, 213 N.J. 398, 409 (2012) (internal quotation marks and citation omitted); see also State v. Maryland, 167 N.J. 471, 482 (2001). An investigatory stop is an exception to the warrant requirement. Terry v. Ohio, 392 U.S. 1, 30-31 (1968).

"An investigatory stop, sometimes referred to as a Terry stop, is permissible 'if it is based on specific and articulable facts which, taken together with rational inferences from those facts, give rise to a reasonable suspicion of criminal activity.'" Shaw, 213 N.J. at 410 (quoting State v. Pineiro, 181 N.J. 13, 20 (2004)). The State bears the burden of showing "by a preponderance of the evidence that it possessed sufficient information to give rise to the required level of suspicion." State v. Amelio, 197 N.J. 207, 211 (2008) (citation omitted).

"Reasonable suspicion necessary to justify an investigatory stop is a lower standard than the probable cause necessary to sustain an arrest." State v. Stovall, 170 N.J. 346, 356 (2002) (citing State v. Citarella, 154 N.J. 272, 279 (1998)). To meet the reasonable suspicion standard, an officer must have "some minimal level of objective justification for making the stop" that is "more than an inchoate and unparticularized suspicion or hunch." United States v. Sokolow, 490 U.S. 1, 7 (1989) (internal quotation

marks and citations omitted).  In determining whether reasonable suspicion exists, a court should consider "the totality of the circumstances . . . ."  State v. Gamble, 218 N.J. 412, 431-32 (2014) (quoting United States v. Cortez, 449 U.S. 411, 471 (1981)). "An officer's experience and knowledge are factors courts should consider in applying the totality of the circumstances test." Pineiro, 181 N.J. at 22 (citing State v. Davis, 104 N.J. 490, 504 (1986)).

Defendant argues Sergeant Delatorre made an unlawful de facto arrest, without probable cause, and then failed to provide Miranda warnings.  We disagree.

The record supports the motion judge's determination that Sergeant Delatorre's brief conversation with defendant constituted a legal investigatory stop.  Sergeant Delatorre observed defendant receive currency from a known drug user in exchange for an item. The exchange constituted specific and articulable facts that provided Sergeant Delatorre with a reasonable suspicion that a drug transaction had occurred.  The transaction, coupled with Sergeant Delatorre's fifteen years of training and experience, supported his suspicion of defendant's specific criminal conduct. Based on the totality of the circumstances, Sergeant Delatorre had a reasonable suspicion to conduct an investigatory stop of defendant.

Defendant further argues that Sergeant Delatorre was "undoubtedly intimidating" and lacked the requisite suspicion to isolate defendant from the children and female with whom he was standing. While an investigatory stop becomes a de facto arrest when it is more than "minimally intrusive," State v. Dickey, 152 N.J. 468, 478 (1998), that did not occur here. We discern nothing improper regarding Sergeant Delatorre's decision to speak with defendant away from the children, whom he thought were defendant's children. The exchange with defendant took place in a public parking lot, several feet from defendant's original location, and lasted less than a minute. We do not find Sergeant Delatorre's behavior intimidating or coercive, nor did defendant object to the questioning. We conclude the interaction constituted a lawful investigatory stop and the motion court correctly denied defendant's motion to suppress.

II

Defendant further argues that because he did not receive Miranda warnings, the court should suppress his statements and physical evidence. We disagree.

Miranda warnings attach only when there is custodial interrogation, which is when law enforcement initiates questioning after taking a person into custody or otherwise depriving that person of freedom of action in a significant way. See Miranda,

384 U.S. at 444; State v. Smith, 307 N.J. Super. 1, 8-9 (App. Div. 1997). The rights provided in Miranda are "not implicated when the detention and questioning is part of an investigatory procedure rather than a custodial interrogation." State v. Pierson, 223 N.J. Super. 62, 66 (App. Div. 1988). "[W]hether a suspect is in custody depends on the objective circumstances of the interrogation, not on the subjective views harbored by either the interrogating officers or the person being questioned." State v. O'Neal, 190 N.J. 601, 615 (2007). Factors to consider in evaluating whether the suspect was subject to custodial interrogation include: "the time, place[,] and duration of the detention; the physical surroundings; the nature and degree of the pressure applied to detain the individual; language used by the officer; and objective indications that the person questioned is a suspect." State v. Smith, 374 N.J. Super. 425, 431 (App. Div. 2005). In addition, "[t]he determinative consideration is whether a reasonable innocent person in such circumstances would conclude that after brief questioning[,] he or she would or would not be free to leave." Pierson, 223 N.J. Super. at 67 (citation omitted).

Here, the record supports the court's finding that defendant was not in custody when Sergeant Delatorre approached defendant, requested defendant step away from the children, and asked defendant if he had any additional contraband. The interaction

8

between Sergeant Delatorre and defendant lasted less than one minute and involved one question. Although Sergeant Delatorre testified defendant was not free to leave during the questioning, Sergeant Delatorre did not disclose that to defendant. An officer's subjective intent is only relevant if disclosed to the suspect, in which case it would likely affect a reasonable person's belief they were free to leave. State v. Brown, 352 N.J. Super. 338, 352-53 (App. Div. 2002). The record shows Sergeant Delatorre conducted a brief investigatory stop that did not curtail defendant's freedom to the degree associated with a formal arrest. Therefore, it was permissible for Sergeant Delatorre to question defendant about the suspected drug transaction without administering Miranda warnings.

Furthermore, a voluntary statement by a defendant is admissible at trial. State v. Miller, 76 N.J. 392, 402 (1978). In determining the issue of voluntariness, "a court should assess the totality of all the surrounding circumstances." Ibid. "[R]elevant factors [to consider] include the suspect's age, education and intelligence, advice as to constitutional rights, length of detention, whether the questioning was repeated and prolonged in nature and whether physical punishment or mental exhaustion was involved." Ibid.

A-2858-16T4

Here, defendant voluntarily accompanied Sergeant Delatorre without objection. Sergeant Delatorre asked defendant only one question, which did not involve any physical or psychological coercion. Although defendant gave an incriminating response and produced two additional bags of drugs from his person, Sergeant Delattore neither coerced defendant into making that statement nor was defendant in custody. Accordingly, the motion court correctly determined the challenged statements and physical evidence were admissible and established probable cause to arrest defendant.

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-2858-16T4